1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT FOR THE

7                         EASTERN DISTRICT OF CALIFORNIA

8

9   GLICERIO D. RAMIREZ,              )          No. CV-F-05-046 REC
                                      )
10                                    )          OPINION AFFIRMING BANKRUPTCY
                                      )          COURT
11                    Appellant,      )
                                      )
12           vs.                      )
                                      )
13                                    )
    COUNTY OF SAN BERNARDINO,         )
14                                    )
                                      )
15                    Appellee.       )
                                      )
16  _____)

17        On January 3, 2005, appellant/debtor/plaintiff Glicerio D.

18  Ramirez filed a notice of appeal in the Bankruptcy Court,

19  appealing the Judgment in favor of the County of San Bernardino,

20  appellee/defendant, in Adversary Proceeding No. 02-1368,

21  Bankruptcy Case No. 99-11612-B-13, entered on December 23, 2004.[1]

22        The parties submit this appeal on their papers and without

23  _____

24        [1]The County argues that this appeal should be dismissed as
    untimely.  The County's position is without merit.  Pursuant to the
25  calculation of time set forth in Rule 9006(a), Bankruptcy Rules,
    the Notice of Appeal was filed on the tenth day after the entry of
26  judgment and, therefore, was filed within the ten day period set
    forth in Rule 8002(a).

                                     1

oral argument.

The court hereby affirms the judgment of the Bankruptcy Court for the reasons set forth herein.

A.   <u>Statement of Issues on Appeal and Standard of Review</u>.

Debtor raises the following issues in this appeal:

> 1.   Whether or not the County of San Bernardino has breached the 'Settlement Agreement'.

> 2.   Whether or not the 'Tax Deed Rescission' is void and/or unenforceable on the basis that the Bankruptcy Court has already ruled and found that the 'Tax Sale' of Lot 03 is void.

> 3.   Whether or not the Bankruptcy Court has abused its discretion and authority by creating and enforcing provisions of the Settlement Agreement other than the written provisions of the Settlement Agreement agreed upon and/or contemplated by the parties.

This court reviews the bankruptcy court's findings of fact under a clearly erroneous standard and reviews its conclusions of law de novo.  <u>In re Windmill Farms</u>, 841 F.2d 1467, 1469 (9th Cir. 1988).  As long as findings are plausible in light of the record viewed in its entirety, a reviewing court may not reverse even if convinced it would have reached a different result.  <u>Wardley Int'l Bank, Inc. v. Nasipit Bay Vessel</u>, 841 F.2d 259, 262 n.1 (9th Cir. 1988).  The interpretation of a contract and the determination as to its breach are a mixed question of fact and law.  <u>Libby, McNeill, and Libby v. City Nat'l Bank</u>, 592 F.2d 504, 512 (9th Cir. 1978).  In general, factual findings as to what the parties said or did are reviewed under the clearly erroneous

2

1    standard while principles of contract interpretation applied to

2    the facts are reviewed de novo.  Id.  As explained in L.K.

3    Comstock & Company, Inc. v. United Engineers & Constructors Inc.,

4    880 F.2d 219, 221 (9th Cir. 1989):

5                It is clear that when a district court
             interprets a contract without using extrinsic
6            evidence, the standard of review is de novo.
             But:
7
                   [w]hen the inquiry focuses on
8                  extrinsic evidence of related
                   facts, ... the trial court's
9                  consideration of extrinsic evidence
                   will not be reversed unless they
10                 are clearly erroneous.

11               ... Thus, if the contract interpretation
             includes a review of factual extrinsic
12           evidence, the findings of fact themselves are
             reviewed under the 'clearly erroneous'
13           standard ..., but the principles of contract
             law applied to those facts are reviewed de
14           novo. ....

15        B.   Rescission of Tax Deed Void.

16        Debtor argues that the "Rescission of Tax Deed to Purchaser

17   of Tax-Defaulted Property" recorded on September 24, 2002 is

18   void.  Debtor contends that, because the Bankruptcy Court had

19   ruled that the sale of Parcel 03 by the County to Baldy Mesa was

20   void:

21               [T]herefore, it follows that the Tax Deed is
             also void; and since the Tax Deed is void,
22           there was nothing to rescind, and therefore,
             the Tax Deed Rescission is a moot and void
23           document.

24        The purpose for this argument is unclear.  However, when

25   Parcel 03 was improperly sold by the County to Baldly Mesa, a

26   deed was recorded transferring title to Parcel 03 to Baldly Mesa.

                                    3

In order to remove that transfer from the chain of title, the County had to rescind that deed. Therefore, even though the sale of the property by the County to Baldy Mesa was void and did not legally transfer title to Baldy Mesa, absent the recording of the Rescission of Tax Deed to Purchaser of Tax-Defaulted Property, the record of title would still reflect ownership of Parcel 03 by Baldy Mesa.

Consequently, the argument that the Rescission of Tax Deed "is a moot and void document" is without merit and the Bankruptcy Court's ruling is affirmed.

C. <u>Settlement Agreement Void or Unenforceable</u>.

Debtor argues that paragraph 6 of the Settlement Agreement is void and unenforceable because "Parcel 03 title remains in the name of the Debtor and spouse after the Bankruptcy Court has ruled that the Tax Sale is void and that neither the County or Baldy Mesa Water District never had the title to Parcel 03 to convey to the Debtor."

Paragraph 6 of the Settlement Agreement provided:

> San Bernardino agrees to prepare and execute all necessary documents, within ninety days (90) so that the title to the Property remains in the name of the Debtor, effectively negating the Transfer.

Again, for the reasons set forth above, Debtor's argument on appeal is without merit. Because the County had recorded a deed transferring Parcel 03 to Baldy Mesa, the County had to execute and record the Rescission of Tax Deed in order to correct the record of title. Therefore, the fact that the Bankruptcy Court

previously ruled that the sale of Parcel 03 to Baldy Mesa was void does not void or make unenforceable Paragraph 6 of the Settlement Agreement.

Debtor argues that "the Bankruptcy Court has violated its own Order by ruling that it has jurisdiction to hear the matter instead of requiring the matter be heard by an appropriate court in Los Angeles County; and by applying Federal laws instead of State laws, as per the provisions of Item 18, of the Settlement Agreement."

Paragraph 18 of the Settlement Agreement provides:

> This Agreement shall in all respects shall [sic] be interpreted, enforced and governed by and under the laws of the State of California.  Any action brought to enforce the provisions of this Agreement shall be commenced in Los Angeles County, California, in the appropriate court of jurisdiction.

This argument was not presented to the Bankruptcy Court.  In fact, the Excerpt of Record submitted by Debtor establishes that Debtor alleged and argued that jurisdiction of this Adversary Proceeding was properly in the Bankruptcy Court, a position accepted by the Bankruptcy Court.  Consequently, the court concludes that Debtor is judicially estopped from now arguing that the Bankruptcy Court did not have jurisdiction to hear this Adversary Proceeding because of Paragraph 18 of the Settlement Agreement.  Furthermore, it is clear from the record in this action that the Bankruptcy Court applied California law to resolve the issues where appropriate.  This ground for appeal is therefore denied.

1     Debtor further argues:

2          [T]he Settlement Agreement should be treated
           as a contract because it is 'of a nature to
3          produce a binding result on the mutual
           relations of the parties', therefore, the
4          aforementioned circumstances together with
           the dismissal of the first and third claims
5          for relief imposed by the Agreement Order
           [see 'EXHIBIT B' of Tab 2 of TAB Z of
6          Excerpts] not contemplated by the parties in
           the Settlement Agreement or Contract de facto
7          constitute illegal interference with the
           Settlement Agreement or Contract and creation
8          of provisions of the Settlement Agreement or
           Contract by the Bankruptcy Court for the
9          parties.

10         This ground for appeal makes little, if any, sense. The

11    County asserts in its brief that it "cannot understand what the

12    illegal interference is", that the argument "is unintelligible

13    and without a specific argument on the illegal interference,

14    appellant cannot respond."  Debtor does revisit this assertion in

15    his reply brief.  It appears that Debtor is contending that the

16    construction of the Settlement Agreement and the ruling by the

17    Bankruptcy Court constitutes illegal interference by the

18    Bankruptcy Court.  If that is Debtor's position, it is without

19    merit.  The Bankruptcy Court was required to resolve the issues

20    before it in the Adversary Proceeding.  That Debtor does not like

21    the resolution cannot constitute illegal interference by the

22    Bankruptcy Court.  Otherwise, the court agrees with the County

23    that this ground for appeal is unintelligible and it is denied.

24         D.   Breach of Settlement Agreement.

25         Debtor argues that the County breached Paragraph 6 of the

26    Settlement Agreement because the County did not execute the

                                    6

1   Rescission of Tax Deed within 90 days as required by Paragraph 6.

2   Debtor asserts in his reply brief:

3           ... [T]he County has untimely executed [119
            days from the approval [of] the Settlement
4           Agreement] the 'unnecessary document'
            [Rescission Deed.].

5
            The same provisions do not specify the exact
6           method of transfer to Debtor but specifically
            states 'Necessary Document'  It has been
7           established ... that the Rescission Deed is
            an unnecessary document; and if this is true,
8           then what is the necessary document?  A grant
            deed and a quitclaim deed are also
9           unnecessary documents because neither the
            County or Baldy Mesa Water District has the
10          title to transfer Parcel 03 to Debtor.  The
            only remaining viable method of transfer is a
11          tax deed.  The County has the authority to
            issue a tax deed to Debtor because it has the
12          power to sell properties which have tax
            liabilities that were delinquent for more
13          than 5 years; and a owner of a tax delinquent
            property may be issued a tax deed on that
14          property.  Due to the fact that the County
            failed to timely execute a necessary document
15          for the transfer of Parcel 03 to Debtor as
            manifested above, the County has breached the
16          Settlement Agreement.

17       Debtor's argument is not only inconsistent with the position

18  taken above but it is incorrect.  As Debtor has argued, the

19  Bankruptcy Court ruled that the sale of Parcel 03 to Baldy Mesa

20  was void.  The County issued the Rescission of Tax Deed pursuant

21  to the terms of the Settlement Agreement, not to transfer title

22  from Baldy Mesa back to Debtor, but to negate the transfer of

23  Parcel 03 to Baldy Mesa, thereby leaving title to Parcel 03 as it

24  was prior to the tax sale to Baldy Mesa.

25       Furthermore, as the Bankruptcy Court ruled, it does not

26  matter when the Rescission of Tax Deed was recorded so long as

                                    7

Debtor was not prejudiced by the timing.  As the Bankruptcy Court further concluded, actual damages are an essential element of a breach of contract claim and Debtor offered no evidence that he incurred any actual damages resulting from the delay in recording the Rescission of Tax Deed.

Debtor argues that the Bankruptcy Court erred in concluding that the County did not waive or release its claim for prepetition property taxes in the amount of $5,018.00.

The Bankruptcy Court ruled in pertinent part:

> The waiver and release issue is a little more problematic.  When the County rescinded the Tax Deed, and refunded the $5,018 to Baldy Mesa, that effectively reinstated the County's prepetition tax assessment against Parcel 03.  The Debtor contends, based on the release language in paragraphs 4 & 5 of the Settlement Agreement, that the County waived and released those taxes.  The court disagrees.
>
> Paragraph 4 of the Settlement Agreement is ambiguous, it purports to release 'all claims ... whether by law, equity, statutes or regulations, *relating to the proposed project [sic] described above.'*  The ambiguity lies in the misstatement 'proposed project [sic] described above.'  There is no 'project' described in the first three paragraphs of the Settlement Agreement.  To interpret the meaning of paragraph 4, the court must therefore look to applicable law and other provisions of the Settlement Agreement.
>
> The taxation of real property is mandated by the California Constitution, Art. XIII, § 1.  Under California law, the County Tax Collector has a duty to collect real property taxes when the defaulted taxes have not been redeemed for five years or more.  Cal.Rev.&T. Code § 1391(a).  The Debtor offers no authority for the proposition that the County can waive its statutory duty, even if it had

8

intended to do so in the settlement negotiations.

Turning now to the Settlement Agreement itself, the preamble paragraph states, 'This settlement agreement *solely deals with the transfer* of the [Parcel 03] real property described below.' (Emphasis added). Paragraph 5 of the Settlement Agreement is consistent with the preamble in its limitation of the scope of the Agreement: 'It is the intention of each of the parties to fully, finally and forever release all such matters, and all claims *relating to the transfer* of the real property, described above.' (Emphasis added). Based on a reading of the whole Settlement Agreement, the court concludes that the release term only applies to claims related to the improper Tax Sale. The court notes again, that the Tax Sale was always a void act. The underlying property taxes were assessed long before the Tax Sale, they were not caused by the Tax Sale and they were not affected by the Tax Sale.

The court must also construe the Settlement Agreement in the context of the Prior Litigation in which the Baldy Mesa Settlement originated. In the Prior Litigation, the Debtor alleged that the Tax Sale was a willful and malicious violation of the automatic stay justifying an award of punitive damages (first claim for relief) and that he was entitled to reimbursement for postpetition taxes paid on Parcel 03 after the Tax Sale (third claim for relief). The Baldy Mesa Settlement resolved only those issues. The Debtor has never before disputed the underlying property taxes for Parcel 03. The Prior Litigation was not about the underlying taxes, it was about the Tax Sale and the County's Claim for penalties and interest. But the Debtor does not seek an interpretation of the Settlement Agreement with regard to only penalties and interest, he demands an order of this court which effectively cancels all of the underlying prepetition taxes and the associated tax lien against Parcel 03. Such a ruling would far exceed any reasonable interpretation of the

9

1          Settlement Agreement.

2          Based on the foregoing, the court finds that
           the Baldy Mesa Settlement only released
3          claims relating to and arising from the
           erroneous Tax Sale of Parcel 03.  It did not
4          waive or release the underlying property tax
           assessment, the penalties or the interest.
5          The County having properly rescinded the Tax
           Deed to Baldy Mesa, and having refunded Baldy
6          Mesa's money, may now recover the prepetition
           taxes for Parcel 03 through the Debtor's
7          chapter 13 plan.

8      Debtor contends that this construction of the Settlement

9  Agreement is erroneous:

10         The $5,018.00 is claim related to the
           transfer of Parcel 03.  As a result of the
11         transfer of Parcel 03 to Baldy Mesa Water
           District, the County required Baldly Mesa
12         Water District to pay the $5,018.00 real
           estate tax liability.  When the $5,018.00 was
13         returned to the County by Baldy Mesa ..., it
           became a claim against Debtor, therefore,
14         said claim must be released by the County for
           compliance with Item 5 of the Settlement
15         Agreement.

16     Because it does not appear that the Bankruptcy Court

17  construed this aspect of the Settlement Agreement with reference

18  to any extrinsic evidence, the court's review of the Bankruptcy

19  Court's ruling is de novo.

20     Utilizing de novo review, the Bankruptcy Court is affirmed.

21  Nothing in the language of the Settlement Agreement purports to

22  release any claim that the County has against Debtor for

23  prepetition property taxes owed on Parcel 03.  The Settlement

24  Agreement only releases all claims resulting from the improper

25  transfer by the County of Parcel 03 to Baldy Mesa.  The

26  prepetition real property taxes are not a claim resulting from

                                10

1   that transfer.  As the Bankruptcy Court noted, those property

2   taxes predated by several years the improper transfer of Parcel

3   03 and did not result from that transfer.  Consequently, Debtor's

4   argument that the County has breached the Settlement Agreement by

5   continuing to seek the prepetition property taxes on Parcel 03 is

6   without merit and the Bankruptcy Court's conclusion is affirmed.

7        IT IS SO ORDERED.

8   **Dated:  May 4, 2005**                    **/s/ Robert E. Coyle**
    668554                              UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

11